[Civ. No. 61. Fourth Appellate District.—November 26, 1929.]

PAUL BLENKIRON et al., Respondents, v. ELEANOR S. BIRKHAUSER et al., Appellants.

Frank Birkhauser, *in pro. per.*, for Appellants.

James W. Glassford for Respondents.

SLOANE, P. J.—This appeal was taken from the Superior Court of Imperial County from a judgment for plaintiff in the sum of $294.

The history of the case is somewhat complicated, and the record on appeal by no means clear in its details.

Suit was originally brought in the Justice's Court of El Centro township, county of Imperial, by the appellants here against W. Maloof and Paul Blenkiron and John S. Doddridge, copartners doing business under the firm name of Blenkiron and Doddridge Company and Paul Blenkiron and John S. Doddridge, as parties defendants. The original cause of action arose out of a transaction in which defendant Maloof sold an automobile to the plaintiffs Eleanor S. Birkhauser and Frank Birkhauser, her husband, under a

conditional sales contract, calling for certain installment payments and an interest payment of $90, which plaintiffs claimed to be usurious. This contract was assigned by Maloof to Blenkiron and Doddridge, copartners, the firm consisting of defendants Paul Blenkiron and John S. Doddridge. A several judgment by default was taken in the Justice's Court against Maloof, and later on the trial of the case, judgment was given for plaintiffs for the sum of $294, and against the Blenkiron-Doddridge copartnership, and according to the contention of appellants here, also against Paul Blenkiron and John S. Doddridge individually. An appeal from this judgment was taken to the Superior Court of Imperial County, where a demurrer to the complaint in Justice's Court was filed, the demurrer sustained without leave to amend, and a judgment of dismissal of the action rendered. In the meantime, however, execution had been levied on property of the Blenkiron-Doddridge copartnership and the amount of the judgment and costs collected thereunder.

The action here appealed from was brought in the Superior Court of Imperial County by Paul Blenkiron and John S. Doddridge, copartners doing business as Blenkiron-Doddridge Company, against Eleanor S. Birkhauser and Frank Birkhauser, defendants, to recover the amount so collected under execution on the Justice's Court judgment, which was subsequently reversed. It is from this judgment that the pending appeal was taken. The Superior Court on the trial found that Paul Blenkiron and John S. Doddridge are, and at all times mentioned, were copartners doing business under the name of Blenkiron-Doddridge Company; that they had duly filed a certificate of copartnership, giving the names of the copartners; that on the twenty-first day of January, 1927, the defendants herein had recovered the judgment for $294 in the Justice's Court of said El Centro township; that on the 6th of March, 1927, the plaintiffs herein were compelled to pay, and did pay, to the defendants in satisfaction of said judgment $301.13; that thereafter plaintiffs duly and regularly appealed from said judgment to the Superior Court of the state of California, in and for the county of Imperial, and that thereafter on the thirty-first day of May, 1927, the above-named Justice's Court judgment was duly reversed, and that the

defendants have never repaid the amount collected on said judgment, though plaintiffs have made demand therefor. And, as conclusions of law the trial court found that plaintiffs were entitled to recover from the defendants the sum of $301.13, and interest thereon at seven per cent per annum from the eighth day of March, 1927, and their costs and disbursements.

The points in controversy on this appeal arise on the contention of appellants that the judgment of the Justice's Court was not only a judgment against the copartnership, but an individual judgment against Paul Blenkiron and John S. Doddridge, and that the appeal taken to the Superior Court was taken by the copartnership alone and that the judgment of reversal did not affect the personal liability of Blenkiron and Doddridge, and that appellants were entitled to the satisfaction of these individual judgments, under the execution issued, out of the assets of the copartnership.

As heretofore stated, the record is in a very unsatisfactory state regarding the parties to the Justice's Court judgment, and as to the parties to the appeal to the Superior Court therefrom. The judgment of the Justice's Court, as read into the record, recites:

"After due and careful consideration upon the evidence adduced and the law in such case made and provided, the Court finds for the plaintiffs and against the said defendants Blenkiron and Doddridge, the principal sum of $270.00 as prayed for in plaintiffs' complaint filed herein, $6.00, costs of suit and $18.00 interest thereon, total $294.00. Judgment is hereby entered accordingly."

An abstract of the Justice's Court judgment filed in Imperial County February 26, 1927, and upon which the execution in question was issued, after giving the title of the court and cause, recites:

"Eleanor S. Birkhauser and Frank Birkhauser, her husband, plaintiffs, vs. W. Maloof and Paul Blenkiron and John S. Doddridge, copartners doing business under the firm name of Blenkiron and Doddridge Company, and Paul Blenkiron and John S. Doddridge, defendants.

"In Justice's Court before I. Mayfield, Justice of the Peace in and for El Centro township, February 26, 1927;

judgment entered for plaintiffs for $294.00 on the 31st day of January, 1927.

"I certify that the foregoing is a correct abstract of judgment rendered in said action in my court, as appears by my docket in my possession.

"I. MAYFIELD,
"Justice of the peace in and for El Centro Township, County of Imperial, State of California."

It will be noticed that neither the judgment as recited from the justice's docket nor the foregoing abstract of judgment includes Paul Blenkiron and John S. Doddridge individually, as parties to the judgment. The execution issued on the Justice Court judgment recites:

"Whereas on the 31st day of January, A. D. 1927, Eleanor S. Birkhauser and Frank Birkhauser, her husband, recovered a judgment in the Justice's Court of El Centro township in and for the County of Imperial, State of California, against W. Maloof and Paul Blenkiron and John S. Doddridge, copartners doing business under the firm name of Blenkiron and Doddridge Co. and Paul Blenkiron and John S. Doddridge," etc.

This recital, however, cannot extend the scope of the judgment to parties not actually named therein.

Under the foregoing state of facts, the finding of the trial court in the instant case "that on the 21st day of January, 1927, the defendants herein recovered a judgment against the plaintiff herein in the Justice's Court of El Centro township, Imperial County, California, in the amount of $294.00, which said judgment is docketed at page 26, docket 16 and Justice's Court 3056," cannot be held inaccurate in not including the individual members of the copartnership, as parties to the judgment, the words "plaintiff herein," confining the judgment to Paul Blenkiron and John S. Doddridge as partners under the firm name of Blenkiron-Doddridge Company, the sole plaintiffs in the action.

Moreover, if it appeared that the Justice's Court judgment included Blenkiron and Doddridge individually as judgment debtors, appellants' contention that this judgment was not reversed as to said defendants cannot be affirmatively maintained from the record. Appellants dispute that these parties individually joined in the appeal from the judgment of the Justice's Court. The notice of appeal

from that judgment does not appear in the record. It is alleged, however, by respondent, and denied by appellants, that the individual members of the partnership did join in the appeal, and the order sustaining demurrer without leave to amend to the Justice's Court complaint, which was the basis for the reversal and dismissal of the judgment of the Justice's Court, recites:

"This action having been brought on to trial on the 31st day of May, 1927, on the issues of law joined herein, and after hearing James W. Glassford in support of the demurrer of the defendants Paul Blenkiron and John S. Doddridge, copartners doing business under the firm name and style of Blenkiron-Doddridge Company and Paul Blenkiron and John S. Doddridge; and Frank Birkhauser in opposition thereto it is ordered that said demurrer be sustained without leave to amend."

The judgment for dismissal of the action as rendered by the Superior Court recites:

"An order having been entered in this action on the 31st day of May, 1927, sustaining the demurrer of Blenkiron-Doddridge Company to the complaint herein, and denying the plaintiffs' right to amend their complaint; now on motion of James W. Glassford, attorney for the defendants Blenkiron-Doddridge Company, it is ordered and adjudged that the complaint herein be and the same is hereby dismissed, and that said defendants last above mentioned have and recover their costs from said plaintiff taxed at $18.00."

While the judgment for costs runs only in favor of the copartnership, the order of dismissal covers the entire cause of action, as to all parties defendant participating in the appeal, and operated as a reversal of the Justice's Court judgment as to the individual members of the copartnership as well as the firm liability, if they were joined as appellants. In any event, the failure of the record to disclose with any degree of definiteness that the Justice's Court judgment included the members of the copartnership as individuals, precludes the right of appellants to withhold from the copartnership, the respondents herein, any part of the money taken under execution on the Justice's Court judgment.

The judgment of the Justice's Court involved in this appeal was satisfied from a levy upon the assets of the

Blenkiron-Doddridge Company partnership, as shown by the amended return of the sheriff. There was no error in permitting the amendment of the sheriff's return on execution to show that fact.

Whether or not the Justice's Court judgment against Maloof continued in force during the foregoing proceedings is immaterial to this case. It was not subject to satisfaction under an execution against the Blenkiron-Doddridge people.

The judgment appealed from is affirmed.

Barnard, J., and Marks, J., concurred.